[No. 24780-8-I.   Division One.   August 5, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. PAUL EDWARD BISHOP, *Appellant*.

16

*Anna-Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

AGID, J. — Paul Bishop appeals his conviction for first degree rape of a child. He contends that the trial court erred in admitting into evidence the alleged victim's hearsay statements regarding penetration without sufficient corroborative evidence. We affirm.

Bishop was charged by information with child molestation in the first degree (count 1) and rape of a child in the first degree (count 2). Bishop allegedly committed the charged acts against 9-year-old "M" on the night of November 30, 1988. Bishop, a longtime friend of M's family, was staying overnight at M's family's house when he allegedly had sexual contact with M in her upstairs bedroom while her mother and sister were asleep downstairs.

About a week after the incident, Caryl Rankin, a child interview specialist with the Sexual Assault Center at Providence Hospital, interviewed M. She made verbatim notes of the interview. Describing the incident to Rankin, M stated that she was there because "Ed" hurt her. When asked whether anything went inside "her privates", she replied "Yes, his fingers. I woke up to him doing that."

About a week later, Dr. Katherine Runyon, M's regular pediatrician, examined M. During the examination, Dr. Runyon asked M what had happened to her. M responded, "He woke me up. He was sticking his fingers in my private and kissing me and hurting me." M also told Dr. Runyon other details of the incident. After M explained what the man had done to her, she complained that after the incident, it had hurt when she urinated.[1] Dr. Runyon then asked M, "Just one time or does it still hurt?", and M replied "No, just one time."

Dr. Runyon testified that M's complaint of painful urination was consistent with vaginal penetration by a finger. The doctor indicated that painful urination would generally

---

[1] During Dr. Runyon's conversation with M, the subject of pain came up when M told the doctor that the man had hurt her. Dr. Runyon does not recall whether she then asked M whether it hurt to urinate afterward or whether M offered the information.

not be present unless the introitus, recessed about 1½ centimeters from the outside of the labia majora, had been injured by a scratch, contact or irritant. While she acknowledged that there could be other possible causes of urinary pain, the most common cause is poor hygiene, and M did not have poor hygiene. She concluded that it was unlikely that the pain on urination resulted from external contact only.[2]

Before trial, the trial court held a hearing on M's competency to testify and the admissibility of M's hearsay statements to Rankin and Dr. Runyon. The trial court determined that M was competent to testify. During the pretrial hearing, M had difficulty describing the alleged incident of abuse. Although she testified that someone had squeezed her hard on her "front private" and hurt her, she did not answer when asked what happened when the hand was on her private.

At the conclusion of the pretrial hearing, the trial court examined the admissibility of M's hearsay statements to Rankin and Dr. Runyon under the child hearsay statute, RCW 9A.44.120. After applying the test of reliability set forth in *State v. Ryan*, 103 Wn.2d 165, 691 P.2d 197 (1984) to the facts of the case, the trial judge concluded that the hearsay statements to Rankin and Dr. Runyon provided the requisite indicia of reliability. The judge cautioned, however, that if M continued to resist testifying concerning the alleged act of penetration, he would have to declare her an unavailable witness as to count 2. In that case, corroboration of M's statements regarding penetration would be required under the statute.

At trial, M testified that she had been touched "[i]n my private." When the prosecutor then asked, "Did any of the fingers ever go inside your private?", M did not answer. At one point, M responded that she did not know. She did testify, however, that she had told the truth to both Dr.

---

[2]External rubbing would cause urinary pain only if it were so hard that it irritated the underlying tissues.

Runyon and Rankin. Concluding that M was unable to testify to the act of penetration, the court ruled that M was unavailable as to count 2, and that under the child hearsay statute her statements to Dr. Runyon and Rankin concerning penetration would only be admissible if the State presented corroborative evidence of penetration. The State then presented M's complaint of painful urination as corroborating evidence. On the basis of Dr. Runyon's expert testimony, the court determined that M's complaint of painful urination was sufficient corroboration to satisfy the child hearsay rule.

Bishop denied having any sexual contact with M. He also stated that he could not think of any reason why M would lie or why anyone would cause her to lie. The jury acquitted him of count 1, but found him guilty of rape of a child as charged in count 2. This appeal followed.

I

M's Availability as a Witness

Count 2 charged Bishop with rape of a child in the first degree.[3] Under RCW 9A.44.073, the State must prove that the defendant penetrated, at a minimum, the lips of the victim's sexual organs. See State v. Snyder, 199 Wash. 298, 300, 91 P.2d 570 (1939). Thus, in the present case, the State

---

[3]RCW 9A.44.073 provides:

"(1) A person is guilty of rape of a child in the first degree when the person has sexual intercourse with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least twenty-four months older than the victim.

"(2) Rape of a child in the first degree is a class A felony." Under RCW 9A.44.010(1), "sexual intercourse" for purposes of the child hearsay statute is defined as follows:

" 'Sexual intercourse' (a) has its ordinary meaning and occurs upon any penetration, however slight, and

"(b) Also means any penetration of the vagina or anus however slight, by an object, when committed on one person by another, whether such persons are of the same or opposite sex, except when such penetration is accomplished for medically recognized treatment or diagnostic purposes, and

"(c) Also means any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another whether such persons are of the same or opposite sex."

was required to prove penetration to convict Bishop on count 2.

As proof of that element, the State sought to introduce M's statements to Dr. Runyon and Rankin that penetration had occurred. The trial court found that M was unavailable as a witness as to count 2 and that corroboration of her out-of-court statements was therefore required under the child hearsay statute. The court further ruled that sufficient corroboration existed in M's complaint of painful urination to satisfy the statute's requirement. Bishop challenges this ruling in his sole assignment of error.

■ Although hearsay, statements made by a child victim alleging an act of sexual abuse may be admitted into evidence if they meet the requirements of RCW 9A.44.120, the child hearsay statute.[4] Under the statute, if the child is "unavailable as a witness", the prosecution must present evidence to corroborate the act of sexual contact. RCW 9A.44.120; *Ryan*, 103 Wn.2d at 174. If, on the other hand, the witness is "available" to testify to the alleged sexual acts, corroboration of her out-of-court statements is not a prerequisite to their admissibility. RCW 9A.44.120. Thus, before we can reach the corroboration issue, we must first

---

[4]RCW 9A.44.120 provides:

"A statement made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another, not otherwise admissible by statute or court rule, is admissible in evidence in dependency proceedings under Title 13 RCW and criminal proceedings in the courts of the state of Washington if:

"(1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and

"(2) The child either:

"(a) Testifies at the proceedings; or

"(b) Is unavailable as a witness: *Provided*, That when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

"A statement may not be admitted under this section unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the adverse party with a fair opportunity to prepare to meet the statement."

address whether the trial court correctly found that M was unavailable as a witness as to count 2.

The State argues that because M testified at trial and was subject to cross examination, she was not unavailable as a witness and corroborative evidence of her hearsay statements regarding penetration was therefore not required. At trial, M testified that "the man" had touched her "*[i]n* [her] private" and that it was a "bad touch." However, in response to specific questions concerning penetration, M at first did not answer and then responded, "I don't know." Based on M's apparent inability to answer questions about penetration, Bishop argues that the trial court properly held that M was unavailable as to count 2. We disagree.

In *Ryan*, the court held that the definition of "unavailability" under ER 804(a) applies to that term as used in the child hearsay statute.[5] The court stated:

> Unavailability means that the proponent is not presently able to obtain a confrontable witness' testimony. It is usually based on the physical absence of the witness, but may also arise when the witness has asserted a privilege, refuses to testify, or claims a lack of memory. *See* ER 804(a); 5A K. Tegland, Wash. Prac., *Evidence* § 393 (2d ed. 1982).

*Ryan*, 103 Wn.2d at 171.

---

[5]ER 804(a) states:

" 'Unavailability as a witness' includes situations in which the declarant:

"(1) Is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement; or

"(2) Persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or

"(3) Testifies to a lack of memory of the subject matter of his statement; or

"(4) Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

"(5) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance (or in the case of a hearsay exception under subsection (b)(2), (3), or (4), his attendance or testimony) by process or other reasonable means.

"(6) A declarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying."

ER 804(a)(1), (4) and (5) are only applicable when the declarant does not testify in court. Those criteria therefore do not apply here because M did testify. ER 804(a)(2) and (3) are also inapplicable. M was not ordered to testify and accordingly did not refuse to do so after a court order. Nor did she testify that she had no memory of the alleged incident. Thus, we find that none of the ER 804(a) grounds for holding a witness unavailable exist here.

■ Our analysis under ER 804(a) does not dispose of the issue, however, because the term "unavailable" as used in the child hearsay statute also has a constitutional meaning. The Sixth Amendment requires that a criminal defendant be permitted to confront the witnesses against him or her through cross examination. *Ohio v. Roberts*, 448 U.S. 56, 73 n.12, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980). This confers only an *opportunity* for effective cross examination, however, not the right to an effective cross examination. *United States v. Owens*, 484 U.S. 554, 559, 98 L. Ed. 2d 951, 108 S. Ct. 838 (1988).

In *Owens*, the victim witness was able to describe the details of his assault but was unable to identify the assailant due to a severely impaired memory caused by his injuries. The prosecutor therefore sought to introduce the witness' prior out-of-court statement, in which he identified the defendant as his assailant. The Supreme Court ruled that the witness' lack of memory did not render him "unavailable" in the constitutional sense. It reasoned that the defendant could still vigorously cross-examine the witness, call into question his memory and credibility, and argue the weakness of his testimony to the jury. 484 U.S. at 557-60.

For the same reasons, we find M was available here. M was able to testify in detail to all but one element of the crime. She simply answered "I don't know" after first not answering the question about penetration. As in *Owens*, we hold that a witness' inability to testify about one element of

a crime does not render him or her unavailable for confrontation clause purposes.[6]

In addition, the concern on which the corroboration requirement is based — reliability of the child's out-of-court statement — is not present when the witness testifies and defense counsel can cross-examine her. Further, it is important to note that M did testify to a minimal extent that there had been penetration when she said that the man touched her "*[i]n* my private." She also adopted her statements to Dr. Runyon and Rankin. Finally, there was no allegation that M had a motive to lie, and Bishop testified that he could think of none. While this alone is not enough to establish the penetration element of the crime, it provides a sufficient basis for cross examination on that element.

In light of the foregoing, we hold that M was available to testify to the act of penetration and corroboration of her out-of-court statements was not required. Bishop's sole challenge on appeal — that the trial court admitted M's prior statements without sufficient corroborative evidence — must therefore fail. Even if M were unavailable to testify about penetration, however, we would nonetheless find that the trial court properly admitted M's statements to Dr. Runyon and Rankin.

## II
### CORROBORATIVE EVIDENCE

Under RCW 9A.44.120, the "unavailable" child's hearsay statements regarding sexual abuse are admissible only when the court finds that (1) the circumstances under which the child made the statements provide sufficient indicia of reliability, and (2) there is corroborative evidence

---

[6]Of course, if the witness were unable to testify about the incident at all, if her testimony were limited to incidental details, or if the trial court determined that her testimonial knowledge as a whole were so limited as to preclude effective cross examination, the analysis and result would be different.

of the act(s). *State v. Swan*, 114 Wn.2d 613, 621-22, 790 P.2d 610 (1990), *cert. denied*, 111 S. Ct. 752 (1991). Bishop does not argue that the court erred in determining that the circumstances under which M made the statements satisfied the required reliability test.[7] Therefore, we address only whether the State presented evidence sufficiently corroborative of the act of penetration alleged in M's statements to Rankin and Dr. Runyon.

## A
### Admissibility of Physician's Testimony

■ We first address the admissibility of M's statement to Dr. Runyon. M made her statement to Dr. Runyon while the doctor was examining her to determine whether treatment for any physical or emotional injuries was indicated. Statements made for this purpose are admissible under the hearsay exception provided in ER 803(a)(4), which reads:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.[8]

*See also In re Penelope B.*, 104 Wn.2d 643, 655-56, 709 P.2d 1185 (1985) (child's statements made to child psychiatrist as to alleged acts of sexual contact between the child and her father admissible under ER 803(a)(4)); *State v. Butler*, 53 Wn. App. 214, 766 P.2d 505 (child's statements made to medical personnel describing father's abusive acts were pertinent to physician's treatment for child's physical and emotional injuries and therefore admissible under ER 803(a)(4)), *review denied*, 112 Wn.2d 1014 (1989).[9] Like the

---

[7] The factors considered by the trial court in determining whether a child's hearsay statements are sufficiently reliable are set forth in *Ryan*, 103 Wn.2d at 175-77.

[8] The justification for this hearsay exception is the patient's motivation to be truthful. Comment, ER 803(a)(4).

[9] At oral argument, defense counsel argued that M's statement to Dr. Runyon that the man had penetrated her vagina could not be admitted under ER

children's statements in those cases, M's statement was relevant to Dr. Runyon's determination whether M had suffered physical and/or emotional damage. It was therefore clearly "reasonably pertinent to diagnosis or treatment." *See* ER 803(a)(4).

■ Under the child hearsay statute, statements that are admissible under another statute or court rule need not meet the corroboration requirement. RCW 9A.44.120; *Ryan*, 103 Wn.2d at 170. Thus, because M's statement to Dr. Runyon concerning penetration was independently admissible under ER 803(a)(4), the State was not required to present additional corroborating evidence.

### B
### Admissibility of Interviewer's Testimony

M's similar statement to Rankin, however, is not admissible under any other hearsay exception, and it must therefore meet the corroboration requirement of the child hearsay statute. The trial court determined that M's complaint to Dr. Runyon concerning painful urination was independently admissible under ER 803(a)(4) because it was "totally different" from the penetration statements. The court concluded that the complaint, which was consistent with although not conclusive of penetration, was sufficiently corroborative of M's statement to Rankin regarding penetration. On appeal, Bishop argues that because the fact of M's

---

803(a)(4) on the basis that there was "insufficient foundation" for the doctor's testimony. If what counsel meant was "foundation" as to the doctor's credentials, contact with M and other traditional background information, the record clearly establishes that the testimony meets the requirements for proper foundation.

However, if counsel was arguing that, because M displayed no indicia of physical vaginal injury, such as bruises or scarring, there was insufficient foundation for the doctor's question and M's answer, we reject this argument. In *Butler*, the court explained that because child abuse cases involve more than just physical injury, " 'the physician must be attentive to treating the emotional and psychological injuries . . .' which accompany child abuse." *Butler*, 53 Wn. App. at 221 (quoting *United States v. Renville*, 779 F.2d 430, 437 (8th Cir. 1985)). Thus, Dr. Runyon's question about what the man had done to her was relevant to her consideration of treatment for M's emotional as well as any physical injuries.

painful urination was derived from her own hearsay statement, it cannot be used to corroborate M's other hearsay statements regarding penetration.

 The determination whether a statement is admissible under the child hearsay statute is within the sound discretion of the trial court. *State v. Gribble*, 60 Wn. App. 374, 381, 804 P.2d 634, *review denied*, 116 Wn.2d 1022 (1991); *State v. Frey*, 43 Wn. App. 605, 611, 718 P.2d 846 (1986). Each act described in the hearsay statement sought to be admitted under the statute must be separately corroborated. *State v. Jones*, 112 Wn.2d 488, 496, 772 P.2d 496 (1989). In *State v. Swan, supra*, the Supreme Court adopted the definition of corroborative evidence as:

> " 'evidence of sufficient circumstances which would support a logical and reasonable inference' " that the act of abuse described in the hearsay statement occurred.

114 Wn.2d at 622 (quoting *State v. Hunt*, 48 Wn. App. 840, 849, 741 P.2d 566, *review denied*, 109 Wn.2d 1014 (1987)).

The *Swan* court explained that determining whether sufficient corroboration exists "involves balancing the goal of making child victim hearsay more readily available as evidence against the concern that the use of such hearsay should not create too great a risk of an erroneous conviction." 114 Wn.2d at 622. The essential purpose of the child hearsay statute is to alleviate "the difficult problems of proof that often frustrate prosecutions for child sexual abuse." *Jones*, 112 Wn.2d at 493-94. This purpose "should not be defeated by a stubborn insistence on corroboration that is impossible to obtain." *Jones*, 112 Wn.2d at 496. There is no direct physical or testimonial evidence of the alleged acts in most cases of child sexual abuse, and indirect evidence of abuse may satisfy the corroboration requirement. *Swan*, 114 Wn.2d at 622-23.

  Bishop's assertion that M's complaint of painful urination was essentially "self-corroborating" because it was hearsay and was made at the same time M described the act of penetration lacks merit. The painful urination statement, although hearsay, was admissible into evidence under

ER 803(a)(4). Thus, the painful urination statement was of a completely different nature than the statements regarding penetration.

Our Supreme Court has recognized that a child's statements of painful sensations can constitute evidence corroborative of another of the child's hearsay statements describing acts of abuse. *Swan*, 114 Wn.2d at 637-38. In *Swan*, the child had complained of soreness in her bottom. The court held that the complaints, while not medically substantiated, "did provide some degree of corroboration of sexual abuse." 114 Wn.2d at 638. The court had other corroborative evidence of sexual abuse and therefore did not rely solely on the child's allegations of pain.[10] However, it is significant that the court did not dismiss the corroborative value of a child's complaint of pain on the ground that it was based on the child's own hearsay statements.

Whether evidence is sufficiently corroborative of a child's hearsay statements "requires an evaluation of the particular circumstances that obtain in each case.'" *Swan*, 114 Wn.2d at 641 (quoting *Jones*, 112 Wn.2d at 498). In the present case, there are several reasons to conclude that M's statement that she had pain urinating after the incident, but "just one time", supports a logical and reasonable inference that penetration occurred. First, Dr. Runyon testified that, while there were other possible causes of painful urination, her examination of M indicated that the possibility that M's painful condition resulted from those causes was remote. Dr. Runyon found M's complaint of painful urination to be consistent with her allegations of penetration. Corroborative evidence need not be conclusive — it need only support a reasonable inference that the acts alleged in the hearsay statements occurred. *See Swan*, 114 Wn.2d at 622. The consistency between M's painful urination complaint and her statements regarding penetration satisfies that definition.

---

[10]This evidence included the parallel disclosures of the two alleged victims and the precocious sexual knowledge that those disclosures revealed.

Further, it is unlikely that a 9-year-old would have sufficient medical or practical knowledge to equate painful urination with penetration. In *Swan,* the child victims described episodes of fellatio, ejaculation and intercourse. The court held that the 3-year-old child's accurate description of such acts indicated precocious sexual knowledge which corroborated the children's allegations of abuse. The court determined that the children's precocious sexual knowledge was sufficient corroborative evidence on the basis that they could only have learned it as the result of having been abused. 114 Wn.2d at 631-33.

In the present case, M's complaint of painful urination constitutes precocious sexual knowledge for the same reason. The record reveals no way in which 9-year-old M could have gained the knowledge that vaginal penetration can cause painful urination other than through having experienced the pain herself. Even if M could be supposed to have such knowledge, it would be expected that she would have carried the knowledge to its logical end and claimed that the pain lasted longer. Instead, M told Dr. Runyon that she experienced pain only one time. One would not expect a child of her age to know that a single occurrence of painful urination is consistent with vaginal penetration. Thus, M's statement that she experienced painful urination on only one occasion indicates precocious sexual knowledge which diminishes the likelihood that she fabricated her statement about penetration and enhances its reliability. Accordingly, we conclude that M's complaint of painful urination to Dr. Runyon sufficiently corroborates her statement to Rankin that penetration occurred.

In summary, we find that M was not unavailable as to count 2 and that corroborating evidence of penetration was therefore not required under the child hearsay statute. Additionally, even if M were unavailable, Dr. Runyon's testimony was independently admissible under ER 803(a)(4), and there was sufficient corroboration to admit Rankin's testimony.

The judgment is affirmed.

COLEMAN, J., concurs.

SCHOLFIELD, J., concurs in the result.

Reconsideration denied September 17, 1991.

Review denied at 118 Wn.2d 1015 (1992).