646 So.2d 551 (1993)
Ex parte STATE of Alabama ex rel. V.E.T.P.
(Re STATE of Alabama ex rel. V.E.T.P. v. E.W.T.)
1920526.
Supreme Court of Alabama.
August 27, 1993.
William Prendergast and Lois Brasfield, Asst. Attys. Gen., for petitioner.
Leon Garmon and Michael L. Allsup, Gadsden, for respondent.
KENNEDY, Justice.
The State, through its Department of Human Resources, petitioned for certiorari review of the Court of Civil Appeals' judgment denying a writ of mandamus in a paternity case when paternity had been adjudicated in 1989 by a default divorce judgment.
The facts in this case are as follows: V.E.T.P. and E.W.T. were married on March 15, 1979. Their child R.J.K.[1] had been born on November 14, 1976, and E.K., the subject of this case, was born on December 5, 1978, to V.E.T.P.
On February 17, 1989, V.E.T.P. sued for divorce. On July 27, 1989, the trial court entered a default judgment, finding, among other things, that E.W.T. was the father of E.K. and ordering him to pay child support. On August 13, 1992, E.W.T. filed a motion denying that he was the father of E.K. and requesting a blood test.
The district court granted the motion for a blood test on October 7, 1992. DHR petitioned the Court of Civil Appeals for a writ of mandamus ordering the trial court to withdraw its order for the blood test. The Court of Civil Appeals denied the writ, without an opinion.
At the outset, we note that mandamus is a drastic and extraordinary writ to be issued only where there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex parte State ex rel. Harrell, 588 So.2d 868 (Ala.1991). The issue in this case is whether the Court of Civil Appeals erred in denying the writ of mandamusspecifically, whether the doctrine of res judicata *552 barred E.W.T. from challenging the adjudication as to E.K.'s paternity.
Recently, this Court released Ex parte W.J., 622 So.2d 358 (Ala.1993). In that case, W.J. filed a Rule 60(b), Ala.R.Civ.P., motion for relief from judgment in 1991, arguing that blood tests conclusively proved that he was not the father of a minor child that had been the subject of a 1981 paternity adjudication. The trial court set aside the 1981 paternity adjudication, finding that W.J. was not the father of the child. The Court of Civil Appeals reversed the trial court's order, holding that the doctrine of res judicata barred relitigation of the paternity determination. We affirmed the judgment of the Court of Civil Appeals, holding that because W.J. had failed to appeal from the 1981 judgment and had failed to seek relief from the judgment pursuant to Rule 60(b) within a reasonable time, the trial court should not have considered W.J.'s motion. The doctrine of res judicata prevents the same parties from relitigating issues determined by a court of competent jurisdiction; therefore, W.J. was barred from challenging paternity. Ex parte W.J., 622 So.2d at 302.
In this case, E.W.T. did not answer or appear in the divorce proceeding, and a default judgment was entered against him on July 29, 1989. The trial court specifically held in the judgment that E.K. was a child of the marriage. E.W.T. did not timely move to set aside the default judgment pursuant to Rule 55(c), A.R.Civ.P., and he did not appeal from the judgment. Neither did he file a Rule 60(b) motion for relief from the judgment. Even if E.W.T. had timely filed a Rule 60(b) motion, we would conclude that he has shown nothing to indicate that he is entitled to extraordinary relief pursuant to Rule 60(b).
Based on the foregoing, the Court of Civil Appeals erred in denying the petition for the writ of mandamus. Therefore, we reverse that court's judgment and remand the cause with instructions to issue a writ of mandamus ordering the Etowah County District Court to withdraw its order for the blood test intended to determine the paternity of E.K.
REVERSED AND REMANDED.[*]
HORNSBY, C.J., and SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
NOTES
[1] E.W.T. had been found to be the father of R.J.K. by the district court on December 20, 1977.
[*] Note from the reporter of decisions: The Court of Civil Appeals had denied the writ of mandamus, without opinion (AV92000058). On remand from the Supreme Court, the Court of Civil Appeals on September 21, 1993, issued the writ of mandamus, without opinion.