BOLIN, Justice.[1]
On September 24, 2002, C.L.Y. was adjudicated delinquent on the underlying charge of first-degree sexual abuse, a violation of § 13A-6-66(a)(1), Ala.Code 1975. The juvenile court ordered C.L.Y. committed to the custody of the Department of Youth Services. C.L.Y. appealed the adjudication of delinquency. The Court of Criminal Appeals affirmed the judgment of the juvenile court. C.L.Y. v. State, 928 So.2d 1047 (Ala.Crim.App.2003). We granted certiorari review to consider two issues: 1) whether an appellate court is limited to evidence presented before trial in determining whether out-of-court statements made by a child victim of sexual abuse are admissible under Ala.Code 1975, § 15-25-34, and 2) whether hearsay evidence admissible under an exception to the general exclusionary rule may be used to corroborate a child victim’s out-of-court statement under the Child Physical and Sexual Abuse Victim Protection Act, § 15-25-30 et seq., .Ala.Code 1975 (“the Act”).
I. Whether evidence presented at trial may be considered by an appellate court reviewing the admissibility under § 15-25-34 of an out-of-court statement by a child victim of sexual abuse?
The Court of Criminal Appeals’ opinion sets forth the facts of this case. See C.L.Y. v. State, 928 So.2d at 1052. For the purpose of this opinion the pertinent facts are merely that the trial court held a pretrial hearing to determine the admissibility of out-of-court statements made by K.H., the child victim. The court issued an order granting the State’s motion to admit K.H.’s out-of-court statements at C.L.Y.’s delinquency hearing. At the delinquency hearing, KH.’s out-of-court statements were admitted, and corroborative testimony was heard. The corroborative testimony included testimony by family members placing K.H., who was 3 years old at the time of the abuse, and C.L.Y., who was 17 years old, together at the times of the sexual abuse, indicating the temporal proximity of K.H.’s spontaneous statements to the time of the abuse, indicating that many of K.H.’s family members witnessed KH.’s statements, and *1071 indicating a lack of motive for K:H. to make false statements, and testimony by a psychologist indicating that there usually is some experiential basis for a child of KH.’s age to make such statements.
On appeal, the Court of Criminal Appeals looked at the record in its entirety— not just the record of the pretrial hearing — in reviewing the admissibility of KH.’s out-of-court statements.
In practice, an appellate court reviewing a case to determine whether the requirements of Ala.Code 1975, § 15-25-34, are met will look at the entire record, hot merely the record as it existed when the trial court ruled on the admissibility of the out-of-court statements at the pretrial hearing. See Smith v. State, 745 So.2d 284 (Ala.Crim.App.1998); K.D.H. v. State, 849 So.2d 983 (Ala.Crim.App.2002). The Alabama Court of Criminal Appeals addressed this practice in Henry v. State, 468 So.2d 896 (Ala.Crim.App.1984). Although that Court stated the general rule that “a reviewing court determines the correctness of a trial court’s ruling ‘as of the time when it was made and according to what the record shows was before the lower court at that time,’ ” 468 So.2d at 899, it went on, however, to identify one of the exceptions to the general rule “when the ruling is on a preliminary question or pretrial determination of the admissibility of evidence.” 468 So.2d at 899.
The practice of reviewing the admissibility of a statement based upon the entire record as opposed to merely the record as it existed when the trial court made the pretrial ruling is further supported by Rule 45, Ala. R.App. P.:
“No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of ... the improper admission ... of evidence ... unless, in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”
(Emphasis added.)
Rule 104(b), Ala. R. Evid., allows a trial court to admit conditional evidence, i.e., evidence that is admissible only if a certain condition exists, “subject to the introduction of evidence to support such a finding.” Therefore, under Rule 104(b), even if a child’s out-of-court hearsay statement is erroneously admitted before sufficient corroborating evidence is admitted, the error is harmless if corroboration is subsequently established at trial.
In K.D.H. v. State, 849 So.2d 983 (Ala.Crim.App.2002), the Court of Criminal Appeals, in determining whether a factual finding leading to the holding that an out-of-court statement by a child victim was admissible was untimely placed on the record, stated:
“The juvenile court .clearly determined that the victim was unavailable to testify, and it specifically put its ruling to that effect on the record. Although the determination was not put on the record when the juvenile court initially ruled during the pretrial hearing that the evidence of the out-of-court statements was admissible, by putting the determination on the record at the conclusion of the State’s case, the juvenile court complied with § 15-25-38. See, e.g., Smith v. State, 745 So.2d 284, 290 (Ala.Crim.App.1998) (holding that the trial court’s putting its facts on the record-at the conclusion of the State’s case was sufficient to satisfy § 15-25-38 because that section does not ‘specifically limit the time within which the court must state the findings’).”
849 So.2d at 988.
In Smith v. State, 745 So.2d 284 (Ala.Crim.App.1998), out-of-court statements *1072 by child victims of sexual abuse were admitted at trial without the trial court’s having first conducted a pretrial hearing as to the trustworthiness of the statements. The appellants contended that the admission of those hearsay statements deprived them of their right to a hearing pursuant to § 15-25-32(2)b., Ala.Code 1975, and deprived them of the opportunity to question the circumstances under which the out-of-court statements were made. 745 So.2d at 290. The Court of Criminal Appeals construed Ala.Code 1975, § 15-25-38, as requiring a trial court to state for the record its findings pertaining to the trustworthiness of the out-of-court statements, but that court did not hold that §§ 15-25-32(2) or -38 mandated that the trial court hold a pretrial trustworthiness hearing or established any time period within which the court must record its findings. Smith, 745 So.2d at 290.
We agree with the reasoning of the Court of Criminal Appeals in K.D.H. and Smith, and we hold that in reviewing the admissibility of out-of-court hearsay statements made by a child victim of sexual abuse, an appellate court may look at the record in its entirety, rather than only the record as it existed at the time of the pretrial ruling on the admissibility of the statements.
II. Whether the corroboration required by § 15-25-34 may be had by hearsay testimony that is admissible under one of the exceptions in the Alabama Rules of Evidence to the general exclusionary hearsay rule?
C.L.Y.’s second issue presented for cer-tiorari review is whether the corroboration required by Ala.Code 1975, § 15-25-34, to admit an out-of-court hearsay statement by a child victim of sexual abuse can consist of inadmissible hearsay. He argues that it cannot. However, because each instance of corroborating testimony in the instant case falls within a recognized exception to the general exclusionary rule for hearsay, this Court finds C.L.Y.’s argument to be without merit. This Court additionally holds that admissible out-of-court statements by a child victim, such as those that fall within recognized exceptions to the hearsay rule in the Alabama Rules of Evidence, may constitute corroboration for purposes of Ala.Code 1975, § 15-25-34.
Out-of-court statements K.H. made to her parents and to a doctor in the emergency room where K.H. was examined, which were admissible under recognized exceptions to the hearsay rule, were offered to corroborate other out-of-court statements by K.H., which did not fall within one of the exceptions to the hearsay rule. The statement K.H. made to her parents occurred late at night in January 2002. Earlier that same evening, C.L.Y. had babysat for K.H. Around midnight, K.H. woke her parents; she was crying and appeared to be having a nightmare. She told her mother that C.L.Y. had licked her vaginal area.
This out-of-court statement by K.H. is excepted from the operation of the hearsay rule by Rule 803(2), Ala. R. Evid., which states: “Excited Utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.”
“[S]trict contemporaneity should not be required between the statement and the occurrence in order for the declaration to qualify for the present hearsay exception. Indeed, our courts have said that time alone is not a determining criterion and that applicability of this exception cannot be decided upon the basis of any specified time or number of minutes between the act and the declaration. The critical factor is whether the person who made the statement is still under the *1073 influence of the emotions arising from the startling event. Stated differently, the statement does not have to be made contemporaneously with the startling event or condition but it must be uttered contemporaneously with the excitement resulting from the startling event or condition. How long the excitement prevails is largely determined by the character of the event or condition.”
Charles W. Gamble, McElroy’s Alabama Evidence § 265.01(2) (5th ed.1996) (footnotes omitted).
KH.’s statement to her parents was made while she was still under the influence of emotions arising from the sexual abuse, which had occurred earlier that evening. Her statement, though not made contemporaneously with the abuse, was made contemporaneously with the stress and excitement resulting from the startling event of C.L.Y.’s licking her vaginal area.
K.H. also made statements to a treating physician in the emergency room while she was being treated following the sexual abuse. When the doctor asked her if she had ever been touched inappropriately, K.H. stated that C.L.Y. had pulled off her panties while they were in an automobile and had rubbed her vaginal area and had put lotion on her. These statements are admissible under the exception to the hearsay rule set out in Rule 803(4), Ala. R. Evid., for “Statements for Purposes of Medical Diagnosis or Treatment.” Although statements indicating fault normally do not qualify for this hearsay exception, in cases of sexual abuse where the identity of the perpetrator is related to the treatment of the emotional and psychological injuries suffered by the victim, such statements regarding identity can fall within this exception to the hearsay rule. See Moore v. C.F. (In re Moore), 165 B.R. 495, 498-99 (M.D.Ala.1993).
Ala.Code 1975, § 15-25-31, a part of the Act, specifically provides a basis for the admissibility of a statement “not otherwise admissible in evidence” (emphasis added) so long as all of the requirements of the Act are met. Statements made by child victims that fall within one of the recognized hearsay exceptions, however, are admissible evidence and thus are outside the parameters of § 15-25-31. One of the requirements in the Act for the admissibility of an out-of-court statement by a child victim of sexual abuse is that there must be “corroborative evidence of the act.” § 15-25-34, Ala.Code 1975. That corroborative evidence implicitly must be admissible, but “ ‘need not directly connect the accused with the crime, but only tend to do so.’ ... ‘ “The probative value of the [corroborative] evidence need only legitimately connect the accused with the crime and need not directly do so.” ’ ” K.D.H., 849 So.2d at 990 (quoting other cases).
Because the Act itself does not specify what types of evidence can be used to corroborate an out-of-court hearsay statement by a child victim of sexual abuse, this Court must look to the Alabama Rules of Evidence and to traditional common-law approaches relating to corroboration. The Supreme Court of Washington, interpreting a statute similar to § 15-25-34, found that one of the principal purposes of the statute was “alleviating the difficult problems of proof that often frustrate prosecutions for child sexual abuse.” State v. Jones, 112 Wash.2d 488, 493-94, 772 P.2d 496, 499 (1989). Furthermore, the court stated, “[t]he statute’s essential purposes should not be defeated by a stubborn insistence on corroboration that is impossible to obtain.” 112 Wash.2d at 496, 772 P.2d at 500.
In many cases, hearsay that is admissible under an exception to the general exclusionary hearsay rules, such as an excit *1074 ed utterance (Ala. R. Evid.803(2)) or a statement made for medical treatment or diagnosis (Ala. R. Evid.803(4)), may be the only corroborating evidence available in a prosecution for the sexual abuse of a child. The Act contains adequate safeguards when that is the case. In addition to the corroboration requirement of § 15-25-34, § 15-25-37 provides that the child’s out-of-court hearsay statement must “possess particularized guarantees of trustworthiness”; in determining whether the statement possesses such particularized guarantees, the trial court considers any one or more of such factors as the child’s personal knowledge of the event, whether the child was experiencing pain or distress while making the statement, and whether the account involves knowledge beyond the child’s age and experience, among others.
The Act thus provides adequate safeguards for an accused in a child-sexual-abuse case. Allowing admissible hearsay to corroborate a child victim’s out-of-court hearsay statements connecting the accused to the crime merely enhances the ability of the Act to fulfill its purpose — to alleviate problems of proof in difficult cases involving children as witnesses of sexual or physical abuse. Allowing such corroborative testimony is also supported by the manner in which the Alabama trial courts and the Court of Criminal Appeals have interpreted the Act and the manner in which courts of other states have interpreted similar acts.
The Court of Criminal Appeals has taken an inclusive approach in resolving corroboration issues under § 15-25-34. In K.D.H., the Court of Criminal Appeals stated that corroborating evidence required by § 15-25-34 “ ‘need not be strong, and need not be sufficient in and of itself to support a conviction.’ ” 849 So.2d at 990 (quoting Goodwin v. State, 644 So.2d 1269, 1275 (Ala.Crim.App.1993)).
Alaska and Minnesota have also taken inclusive approaches to resolving corroboration issues regarding the admissibility of out-of-court statements by child victims under their child-victim hearsay statutes, which are similar to the Act. In Murray v. State, 770 P.2d 1131 (Alaska Ct.App.1989), the Court of Appeals of Alaska allowed the separate out-of-court hearsay statements of two children to corroborate one another, in order to establish a prima facie case of abuse. The Alaska Court of Appeals allowed such cross-corroboration based upon the similarity of the statements and the other guarantees of trustworthiness of the statements, as required by the statute. Minnesota similarly allowed cross-corroboration in State v. Dana, 422 N.W.2d 246 (Minn.1988). Murray and Dana allow true hearsay statements to corroborate each other under child-victim hearsay statutes similar to § 15-25-34. In this case, this Court has interpreted § 15-25-34 to allow a statement that falls within a hearsay exception to serve as corroboration for a statement otherwise inadmissible under the general exclusionary hearsay rule, a far less inclusive approach than the approach taken by Alaska and Minnesota. This is not to say that Alabama would not allow such cross-corroboration under § 15-25-34. Whether to allow cross-corroboration for purposes of § 15-25-34 is not an issue presently before this Court.
Several courts have taken less inclusive approaches to corroboration issues regarding their child-victim statutes. The Florida District Court of Appeal, in Delacruz v. State, 734 So.2d 1116 (Fla.Dist.Ct.App.1999), a case Judge Cobb cites in her dissent in C.L.Y., 928 So.2d at 1067, holds that to allow a child’s out-of-court statement to corroborate another out-of-court statement “would permit those charged with crimes against children to be convicted based solely upon hearsay evidence.” *1075 734 So.2d at 1121-22 (emphasis added). Delacruz, however, involved a case in which the State attempted to corroborate a child’s inadmissible out-of-court hearsay statement with another inadmissible out-of-court hearsay statement made by. the child. This case, in which an admissible statement was used to corroborate the child’s out-of-court hearsay statement, is clearly distinguishable from Delacruz.
Another case Judge Cobb relies upon in her dissent in C.L.Y. is In re Marriage of Flannery, 328 Ill.App.3d 602, 768 N.E.2d 34, 263 Ill.Dec. 274 (2002). Flannery holds that a child’s physical conduct while making an out-of-court statement relating to sexual abuse, such as motioning to an area of the child’s body, by itself, is insufficient to corroborate the out-of-court hearsay statement. The Appellate Court of Illinois held that such physical conduct constituted hearsay. Flannery thus is also distinguishable from this case in which an admissible statement — not inadmissible hearsay — was used to corroborate the child’s out-of-court hearsay statement.
The Courts of Appeals of Washington and Oregon have also addressed the issue whether hearsay that is admissible because it falls within an exception in the rules of evidence may serve to corroborate the out-of-court hearsay statements made by a child victim of sexual abuse. In State v. Renly, 111 Or.App. 453, 466, 827 P.2d 1345, 1352 (1992), the Court of Appeals of Oregon held that “a declarant’s admissible statement cannot be used to bootstrap into admissibility otherwise inadmissible statements made by the same declarant.” The Oregon court found that Oregon’s child-abuse hearsay statute “requires independent corroborating evidence, which might include a confession, an eye witness account, physical evidence and evidence showing that the accused had access to the purported victim.” 111 Or.App. at 463, 827 P.2d at 1351.
We note that in this case there was ample independent corroborating evidence .in addition to the admissible out-of-court statements by the child victim. There was ample evidence indicating that C.L.Y. had access to K.H. during the times the sexual abuse took place; there were eyewitness accounts placing C.L.Y. and K.H. together at the times and places the sexual abuse took place; many of KH.’s statements were temporally proximate to the instances of abuse; and KH.’s statements regarding the sexual abuse required knowledge and experience beyond her young age.
In State v. Bishop, 63 Wash.App. 15, 816 P.2d 738 (1991), the Court of Appeals of Washington found it unnecessary to corroborate a child’s out-of-court statements alleging sexual abuse because the child victim was on the stand and therefore “available,” although she was unable to testify and consequently was not subject to cross-examination on' the issue of penetration. Despite its finding that corroboration was unnecessary, the court found it necessary to address the issue whether a child victim’s out-of-court hearsay statements regarding sexual abuse could be corroborated with additional out-of-court statements excepted from the hearsay rule because they fell within a recognized exception to that rule. The court found that a child’s statement to a treating physician for the purposes of medical diagnosis or treatment, regarding painful urination, fell within án exception to the hearsay rule and could be used to corroborate additional out-of-court statements regarding penetration. The court stated:
“[The defendant’s] assertion that M’s complaint of painful urination was essentially ‘self-corroborating’ because it was hearsay and was made at the same time *1076 M described the act of penetration lacks merit. The painful urination statement, although hearsay, was admissible into evidence under [Wash. R. Evid.] 803(a)(4). Thus, the painful urination statement was of a completely different nature than the statements regarding penetration.”
63 Wash.App. at 26-27, 816 P.2d at 745 (emphasis added). The court ultimately held that “even if M were unavailable, [the treating physician’s] testimony was independently admissible under [Wash. R. Evid.] 803(a)(4), and there was sufficient corroboration to admit [the out-of-court statements].” We note that Rule 803(a)(4), Wash. R. Evid., is identical to Rule 803(a)(4), Ala. R. Evid.
The United States Supreme Court has held:
“[T]he use of corroborating evidence to support a hearsay statement’s ‘particularized guarantees of trustworthiness’ would permit admission of a presumptively unreliable statement by bootstrapping on the trustworthiness of other evidence at trial, a result we think at odds with the requirement that hearsay evidence be admitted under the Confrontation Clause be so trustworthy that cross-examination of the declarant would be of marginal utility. Indeed, although a plurality of the Court in Dutton v. Evans [400 U.S. 74 (1970)] looked to corroborating evidence as one of four factors in determining whether a particular hearsay statement possessed sufficient indicia of reliability, ... we think the presence of corroborating evidence more appropriately indicates that any error in admitting the statement might be harmless, rather than that any basis exists for presuming the declarant to be trustworthy.”
Idaho v. Wright, 497 U.S. 805, 823, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990) (footnote omitted).
The Supreme Court of Montana interpreted this holding by the Supreme Court in Wright to mean that “the presence of corroborating evidence is not significant under that case for admission purposes. On the other hand, at a minimum the testimony does establish a basis for considering both declarants to be trustworthy.” State v. Mayes, 251 Mont. 358, 370, 825 P.2d 1196, 1204 (1992). In Mayes, the Supreme Court of Montana upheld the trial court’s admission of out-of-court hearsay statements made by two children to a social worker and a criminal analyst describing instances of sexual abuse. The court found these statements to be “more probative than any other evidence available through reasonable means,” 251 Mont. at 368, 825 P.2d at 1203, despite the fact that there was a witness to the alleged abuse, because that witness could not absolutely identify the victim. The court also cited Rule 804(b)(5), Mont.R.Evid., the “catchall exception” to the hearsay rule, which allows statements having “comparable circumstantial guarantees of trustworthiness,” as an additional basis for admitting the children’s out-of-court hearsay statements. 251 Mont. at 364, 825 P.2d at 1200.
The legislature’s intent when it enacted the Child Physical and Sexual Abuse Victim Protection Act was to broaden the testimony allowed during child-sexual-abuse cases, and Alabama courts have accordingly taken an inclusive approach in resolving corroboration issues. We therefore hold that an out-of-court statement by a child victim of sexual abuse that falls within a recognized hearsay exception may provide corroboration under Ala.Code 1975, § 15-25-34, for other out-of-court statements by the child victim relating to *1077 the alleged abuse, which would otherwise be hearsay.
We affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
LYONS, HARWOOD, and STUART, JJ., concur.
NABERS, C.J., and SEE, WOODALL, SMITH, and PARKER, JJ., concur in the result.

. This case was originally assigned to another Justice; it was reassigned to Justice Bolin on January 17, 2005.